Filed 8/30/16  P. v. Robles CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F071425 |
| Plaintiff and Respondent, | (Super. Ct. No. BF158779A) |
| v. | |
| DANNY BLAS ROBLES, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Franson, J. and Smith, J.

Appointed counsel for defendant Danny Blas Robles asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the facts of the case. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On January 22, 2015, defendant pled no contest to felony evasion of a police officer (Pen. Code, § 2800.2)[1] and felony possession of a stolen vehicle (§ 496d, subd. (a)) and he admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Other counts and allegations were dismissed. The trial court agreed to sentence him to four years in prison. At sentencing, the court imposed the four-year sentence, as agreed.

On April 15, 2015, defendant filed a notice of appeal. The trial court granted a certificate of probable cause based on defendant's allegation that he tried to withdraw his plea but missed the opportunity because his counsel was ineffective.

### DISCUSSION

We recognize that under certain circumstances a defendant may seek to withdraw a guilty plea. (*People v. Quesada* (1991) 230 Cal.App.3d 525, 531, fn. 2 [" 'a motion to set aside a judgment of conviction and for permission to withdraw a plea of guilty may ordinarily be considered as a petition for writ of error *coram nobis*' "]; § 1018 [upon a showing of good cause, a defendant may withdraw his guilty plea before the entry of judgment].) Nothing in the record before us, however, indicates defendant ever sought to

---

[1] All statutory references are to the Penal Code unless otherwise noted.

withdraw his plea or had good cause to do so (*People v. Sandoval* (2006) 140 Cal.App.4th 111, 123 [defendant seeking to withdraw a guilty plea must establish he was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment]). Therefore, we cannot consider this matter on appeal. Furthermore, we see no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.